IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**VERMEER MANUFACTURING COMPANY**

*Plaintiff*,

v.     **Case No: 1:25-cv-00239-LDH-CHK**

**AEROCINE VENTURES INC.**

*Defendant.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**DEFENDANT'S MOTION TO DISMISS**

Defendant AeroCine Ventures Inc. ("AeroCine"), by and through its undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice the Amended Complaint filed by Plaintiff Vermeer Manufacturing Company ("Vermeer") for failure to state a claim upon which relief can be granted, and for other and further relief as the Court deems just and proper. In support, Defendant submits its Memorandum of Law dated 29 September 2025 and supporting Exhibits, which are both being filed contemporaneously with this Motion.

1

## GROUNDS FOR RELIEF

Vermeer's claims for trademark infringement, dilution, and unfair competition fail to state plausible facts establishing claims upon which the Court can grant relief under the standard required under Fed. R. Civ. P. 12(b)(6) and should be dismissed for the following reasons:

1. Four of Vermeer's six Asserted Marks are either unrelated to software or too junior to support Vermeer's claims. Two Asserted Marks cover only physical machinery without software coverage; two others are junior to AeroCine's established rights from 2018, eliminating any basis for trademark infringement claims.

2. No plausible likelihood of confusion exists because the parties' software offerings are substantially dissimilar. Vermeer failed to allege facts that could plausibly support its infringement claims because the parties' software is substantially dissimilar—AeroCine's specialized augmented reality drone navigation software versus Vermeer's ancillary software for underground construction and managing machinery—operating in entirely different technological domains and serving different sophisticated customer bases through separate commercial channels, with Vermeer's sole example of "confusion" being an irrelevant administrative billing error by an unrelated third party that actually demonstrates the absence of consumer confusion.

3. Vermeer's "bridging the gap" argument fails for failure to allege expansion intent and consumer awareness. Vermeer's speculative gap-bridging argument fails to state plausible facts showing Vermeer could bridge the gap because Vermeer fails to allege intent, offers no concrete expansion plans beyond reactive trademark filings for the same

2

underground construction and machine management software it already provides, fails to allege consumer awareness of intent, and attempts to bridge an unbridgeable technological chasm between software for underground construction/managing heavy machinery and sophisticated augmented reality drone navigation software.

4. Vermeer's state law claims fail for lack of likelihood of confusion, bad faith, and predatory intent. Vermeer's state law claims fail because they depend on the same likelihood of confusion showing as the federal claims and require bad faith and predatory intent—none of which Vermeer plausibly alleged in the Amended Complaint.

**REQUESTED RELIEF**

For the reasons states above and the reasons states in AeroCine's Memorandum of Law attached to this Motion, AeroCine respectfully requests this Court grant AeroCine the following relief:

1. Grant this Motion to Dismiss Vermeer's Amended Complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted;

2. Dismiss all trademark infringement claims because four of six Asserted Marks either cover only physical machinery or are junior to AeroCine's superior rights, and the remaining marks cover narrow underground construction/machine management applications that cannot plausibly cause confusion with augmented reality drone navigation software;

3. Dismiss all state law claims for infringement, dilution, and unfair competition for failure to plausibly allege likelihood of confusion, bad faith, or predatory intent;

3

4. Dismiss all requests for enhanced damages and attorneys' fees because Vermeer failed to plausibly allege willful infringement or establish this as an "exceptional case" under 15 U.S.C. § 1117;

5. Dismiss Vermeer's request for cancellation of AeroCine's federal trademark registration for failure to state plausible grounds for cancellation; and

6. Grant such other and further relief as the Court deems just and proper.

**Dated**: 29 September 2025

Respectfully submitted,

By: /s/ Margaret Farid
Margaret Farid, Esq.
NYS Bar No.: 5611777
Roy Farid LLP
206 Jericho Turnpike, Fl. 2
Floral Park, New York 11001
(718) 971-1909
mfarid@royfarid.com

-and-

By: /s/Casey Scott McKay/
Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC
1441 U St. NW, Suite 102
Washington, DC, D.C. 20009
202.409.1003
casey@mclaw.io

*Attorneys for Defendant AeroCine Ventures Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF notification service, which sent notification of such filing to all pro se parties and counsel of record on 29 September 2025.

Melanie E. King
Armstrong Teasdale LLP
7700 Forsyth Boulevard
Suite 1800
St. Louis, MO 63105
(314) 621-5070
meking@atllp.com

Richard L. Brophy
Armstrong Teasdale LLP
7700 Forsyth Boulevard
Suite 1800
St. Louis, MO 63105
(314) 621-5070
rbrophy@atllp.com

Andrew T. Lolli
Armstrong Teasdale LLP
7 Times Square, 44th Floor
New York, NY 10036
(212) 209-4400
alolli@atllp.com

Zachary C Howenstine
Armstrong Teasdale
7700 Forsyth Blvd.
Suite 1800
St. Louis, MO 63105
314-621-5070
zhowenstine@atllp.com

*Attorneys for Plaintiff Vermeer Manufacturing Company*

By: /s/ Margaret Farid
Margaret Farid, Esq.
NYS Bar No.: 5611777
Roy Farid LLP

206 Jericho Turnpike, Fl. 2<br>
Floral Park, New York 11001<br>
(718) 971-1909<br>
mfarid@royfarid.com

-and-

By: /s/Casey Scott McKay/<br>
Casey Scott McKay<br>
TN Bar No.: 034028<br>
MC Law, PLLC<br>
1441 U St. NW, Suite 102<br>
Washington, DC, D.C. 20009<br>
202.409.1003<br>
casey@mclaw.io

*Attorneys for Defendant AeroCine Ventures Inc.*