| | |
|---|---|
| **To:** | Jordan Meggison-Decker(ip@brownwinick.com) |
| **Subject:** | U.S. Trademark Application Serial No. 97757537 - VERMEERONE - - 3563.0393 |
| **Sent:** | August 12, 2025 05:14:21 PM EDT |
| **Sent As:** | tmng.notices@uspto.gov |
| **Attachments** | |

## United States Patent and Trademark Office (USPTO)
### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application Serial No.** 97757537

**Mark:** VERMEERONE

**Correspondence Address:**
Jordan Meggison-Decker
BROWNWINICK LAW FIRM
666 GRAND AVENUE, SUITE 2000
DES MOINES IA 50309
United States

**Applicant:** Vermeer Manufacturing Company

**Reference/Docket No.** 3563.0393

**Correspondence Email Address:** ip@brownwinick.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** August 12, 2025

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SUMMARY OF ISSUES**

- Services Ancillary to Software: Class 35
- No Use with Downloadable Software - Class 9

**SEARCH OF USPTO DATABASE OF MARKS**

The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02.

**SPECIMEN REFUSAL - SERVICES ANCILLARY TO SOFTWARE PLATFORM**

Registration is refused because the activities recited in the identification of services, when viewed in conjunction with the specimen, are not registrable services as contemplated by the Trademark Act. Trademark Act Sections 1, 2, 3, and 45, 15 U.S.C. §§1051-1053, 1127; *see* TMEP §§904.07(b), 1301.01 *et seq.*

The activities set forth as services in an application are reviewed using the following criteria to determine whether they constitute registrable services:

(1) A service is a real activity, not an idea, concept, process, or system.

(2) A service is performed primarily for the benefit of someone other than the applicant.

(3) A service is an activity that is sufficiently separate and qualitatively different from an applicant's principal activity, i.e., it cannot be an activity that is merely incidental or necessary to an applicant's larger business.

*Blizzard Ent. Inc. v. Ava Labs, Inc.*, Ser. No. 91285851, 2024 TTAB LEXIS 259, at *10-11 (2024) (citing *In re Canadian Pac. Ltd.*, 754 F.2d 992, 994-95 (Fed. Cir. 1985)); TMEP §1301.01(a).

In this case, the description set forth in the identification of services is as follows: "Business data analysis services relating to construction equipment, farm equipment, industrial equipment, vehicles, construction machines, farm machines, industrial machines, and construction tools, farm tools, and industrial tools; Providing consumer information to consumers and equipment dealers regarding construction equipment, farm equipment, industrial equipment, vehicles, construction machines, farm machines, industrial machines, and construction tools, farm tools, and industrial tools."

The specimens, however, indicate that these activities are not registrable services because they are not primarily performed by the applicant, but instead are performed as functions and via the software platforms in Class 42.

Specifically, the specimens for Class 35 are refused because it appears the services are being performed by the platform software in Class 42 advertised in the email and shown on the website, rather than being performed as a separate service by the Applicant, themselves.

Under such circumstances, the services are considered to be ancillary to the software, that is, the

software platform is in truth what is being offered in commerce by the applicant, and what consumers are receiving. It is the clear the indicated "service" is performed by that software rather than the services being separably offered in commerce by the applicant direct-to-consumer.

To be considered services under the meaning of the Trademark Act, the services must be sufficiently distinct from the provision of some other product or service to the end user. In this case, based on Applicant's specimens, this is not the case. The language identified as the trademark sought by the applicant identifies Class 42 software as a service, which is itself - as an automated function of a consumer's use of that software - what is providing the claimed services. *See* TMEP 1301.01(a)(iii).

As Applicant is not themselves marketing such services to the consumer, but rather, the services appear performed by the platform which is *itself* marketed in commerce, there are no Class 35 services being offered in commerce separate and apart from the platform.

**SPECIMEN REFUSAL - NO USE WITH DOWNLOADABLE SOFTWARE**

**Specimen is not an acceptable display for software.** Registration is refused because the specimen in International Class 9 is not acceptable as a display associated with downloadable software and does not show the applied-for mark as actually used in commerce. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a), (b)(1); TMEP §§904, 904.03(e), (g), 904.07(a). An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods identified in the statement of use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

A display specimen for downloadable software (1) must show use of the mark directly associated with the goods and (2) such use be of a point-of-sale nature. 37 C.F.R. §2.56(b)(1). To show use of a point-of-sale nature, a specimen generally must provide sufficient information to enable the user to download or purchase the software from a website. *See* TMEP §904.03(e) (citing *In re Azteca Sys., Inc.*, 102 USPQ2d 1955, 1957 (TTAB 2012)).

In this case, the specimen does not provide the means to enable the user to download or purchase the software from the website. *See In re Sones*, 590 F.3d 1282, 1286-89, 93 USPQ2d 1118, 1122-24 (Fed. Cir. 2009); *In re Azteca Sys., Inc.*, 102 USPQ2d at 1957; TMEP §904.03(e), (i). Specifically, there is no evidence anywhere of record of a downloaded version of the software - an email describing a "platform" is not an invitation to download, and the use showing the software itself demonstrates it being accessed via a website, a Class 42 use.

Accordingly, such material is mere advertising, which is not acceptable as a specimen for goods. *See In re Yarnell Ice Cream, LLC*, 2019 USPQ2d 265039, at *15-16 (TTAB 2019) (quoting *In re Siny Corp.*, 920 F.3d 1331, 1336, 2019 USPQ2d 127099, at *2-3 (Fed. Cir. 2019)); *see also Avakoff v. S. Pac. Co.*, 765 F.2d 1097, 1098, 226 USPQ 435, 436 (Fed. Cir. 1985); TMEP §904.04(b), (c).

**Examples of specimens.** Specimens for downloadable software include instruction manuals or screen printouts from (1) webpages showing (a) the mark associated with the software and (b) ordering or purchasing information or information sufficient to download the software, (2) the actual program while running that shows the mark in the title bar, or (3) launch screens that show the mark in an introductory message box that appears after opening the program. *See* TMEP §904.03(e), (i), (j). Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the electronic submission that submits the

specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response.  *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a).

**Response option.**  Applicant may respond to the refusal by submitting a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce prior to the expiration of the deadline for filing the statement of use and (b) shows the mark in actual use in commerce for the software identified in the statement of use.  A "verified substitute specimen" is a specimen that is accompanied by the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce prior to expiration of the filing deadline for filing a statement of use."  The substitute specimen cannot be accepted without this statement.

Applicant may not withdraw the statement of use.  *See* 37 C.F.R. §2.88(f); TMEP §1109.17.

For an overview of this response option and instructions on how to submit a different specimen using the electronic response form, see the Specimen webpage.

**How to respond.**  File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.


/Caitlin Watts-Fitzgerald/
Caitlin Watts-Fitzgerald
Examining Attorney
LO111--LAW OFFICE 111
(571) 272-9015
Caitlin.Watts-Fitzgerald@USPTO.GOV


## RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.**  A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.**  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

# United States Patent and Trademark Office (USPTO)

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on August 12, 2025 for
**U.S. Trademark Application Serial No. 97757537**

A USPTO examining attorney has reviewed your trademark application and issued an Office action. You must respond to this Office action to avoid your application abandoning. Follow the steps below.

**(1) Read the Office action**. This email is NOT the Office action.

**(2) Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS). Your response, or extension request, must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Otherwise, your application will be abandoned. See the Office action itself regarding how to respond.

**(3) Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

## GENERAL GUIDANCE

- **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**. Protect yourself from people and companies that may try to take financial advantage of you. Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you. We will never request your credit card number or social security number over the phone. Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **Hiring a U.S.-licensed attorney.** If you do not have an attorney and are not required to

have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process. The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.