# EXHIBIT 1
## DECLARATION OF CASEY SCOTT MCKAY IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

I, Casey Scott McKay, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of Tennessee and admitted pro hac vice in this matter. I am a partner at MC Law, PLLC, and serve as counsel of record for Defendant AeroCine Ventures Inc. I have personal knowledge of the facts set forth in this declaration.

2. I submit this declaration to address my citation to *MidCap Business Credit, LLC v. MidCap Financial Trust*, 655 F. Supp. 3d 193 (S.D.N.Y. 2023), in Defendant's Memorandum of Law in Support of Motion to Dismiss, filed on 29 September 2025.

3. In my practice, I maintain the habit of saving important cases I review to my computer in case internet connectivity is unavailable or legal research databases are inaccessible.

4. While researching and drafting Defendant's Motion to Dismiss, I reviewed *MidCap Business Credit* dozens of time throughout the summer and fall of 2025 and I saved multiple versions of the case to my computer for reference. The most recent version I saved bears a file creation date of 15 August 2025.

5. Attached hereto as Exhibit 19 is a true and correct screenshot comparison showing: (a) the version of *MidCap Business Credit* as it appeared on Westlaw when I downloaded it

1

on 15 August 2025; and (b) the version of *MidCap Business Credit* as it currently appears on Westlaw as of 31 October 2025.

6. As demonstrated in Exhibit 19, when I accessed and saved *MidCap Business Credit* on 15 August 2025, Westlaw displayed no red flags, no warning symbols, and indicated "Negative Treatment (0)" at the top of the case. The case appeared to be good law with no adverse subsequent history.

7. The current Westlaw version of *MidCap Business Credit*, by contrast, displays multiple red flags, includes a prominent warning that the decision was "Vacated on Rehearing," and indicates "Negative Treatment (2)" at the top of the case. These warnings and indicators were not present when I reviewed and cited the case in preparing Defendant's Motion to Dismiss.

8. As part of my research process, I also reviewed controlling and secondary authority that cited *MidCap Business Credit* to ensure the case was properly applied and remained good law. At the time I conducted this research in mid-August 2025, none of the cases or secondary sources citing *MidCap Business Credit* displayed any red flags, warnings, or indications that the *MidCap* decision had been vacated or otherwise negatively treated. I was therefore operating under the impression that the holding remained valid and constituted good law.

9. I acknowledge that best practice would have included reviewing the *MidCap* docket on the court's CM/ECF system to check for any recent negative treatment or subsequent proceedings.

2

10. Had Westlaw displayed any red flags, negative treatment warnings, or indications of subsequent adverse history when I reviewed *MidCap Business Credit* on 15 August 2025, I would not have cited the case in Defendant's Motion to Dismiss, or I would have addressed the subsequent proceedings explicitly in my briefing.

11. I sincerely apologize to this Court and to opposing counsel for submitting a brief citing a decision that had been vacated. I take full responsibility for this error and assure the Court that I will implement additional safeguards to prevent such occurrences in the future, including conducting docket-level reviews of key cited cases even when legal research platforms indicate no negative treatment.

12. Notwithstanding the subsequent vacatur of the initial *MidCap* decision, I respectfully submit that the substantive arguments in Defendant's Motion to Dismiss remain sound. As noted in Defendant's Reply Brief, the *MidCap* court ultimately vacated its initial dismissal because it had "applied too high a bar" to the plausibility standard, demanded proof at the pleading stage, and made affirmative findings about the merits of the case at the pleading stage. The situation in the present case differs materially, as the technological and commercial differences between the parties' products are apparent from the face of the Amended Complaint without requiring specialized market expertise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated**: 10 November 2025

Respectfully submitted,

By: /s/Casey Scott McKay/
Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC
1441 U St. NW, Suite 102
Washington, DC, D.C. 20009
202.409.1003
casey@mclaw.io

*Attorney for Defendant AeroCine Ventures Inc.*