## IN THE UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

---------------------------------X

**VERMEER MANUFACTURING COMPANY**

    *Plaintiff,*

    *v.*　　　　　　　　　　　　　　　　**Case No: 1:25-cv-00239-LDH-CHK**

**AEROCINE VENTURES INC.**

    *Defendant.*

---------------------------------X

### [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant AeroCine Ventures Inc.'s ("AeroCine") Motion to Dismiss Plaintiff Vermeer Manufacturing Company's ("Vermeer") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court, having considered the Motion, the Memorandum of Law in support thereof, all supporting declarations and exhibits, as well as Vermeer's Response in Opposition and AeroCine's Reply, and being otherwise fully advised in the premises, finds as follows:

### FINDINGS

1. Vermeer has failed to allege sufficient factual matter to state claims for trademark infringement, unfair competition, or dilution that are plausible on their face under Fed. R. Civ. P. 12(b)(6).

2. Four of Vermeer's six Asserted Marks cannot support infringement claims: Two of Vermeer's registrations cover only physical machinery in Class 007 without any software coverage, and two others are junior to AeroCine's established rights from 2018, eliminating two-thirds of Vermeer's claims at the outset.

3. AeroCine's software for augmented reality drone navigation is substantially dissimilar from and operates in an entirely different technological domain from Vermeer's ancillary applications for underground construction and machine management for farming, construction, and mining machinery and industrial equipment, making consumer confusion implausible as a matter of law.

4. Under Second Circuit precedent, Vermeer's "bridge the gap" argument fails to state plausible facts showing Vermeer could bridge the gap because Vermeer fails to allege intent, offers no concrete expansion plans beyond reactive trademark filings for the same underground construction and machine management software it already provides, fails to allege consumer awareness of intent, and attempts to bridge an unbridgeable technological chasm between software for underground construction/managing heavy machinery and sophisticated augmented reality drone navigation software.

## ORDER

Accordingly, it is hereby ORDERED that:

**I.  MOTION GRANTED.**

1. Defendant AeroCine Ventures Inc.'s Motion to Dismiss is **GRANTED IN ITS ENTIRETY**.

2

## II. ALL CLAIMS DISMISSED WITH PREJUDICE.

2.  All federal trademark infringement claims under 15 U.S.C. § 1114 are **DISMISSED WITH PREJUDICE** because four of Vermeer's six Asserted Marks either cover only Class 007 physical machinery or are junior to AeroCine's superior rights, and the remaining marks cover narrow underground construction and machine management applications that cannot plausibly cause confusion with augmented reality drone navigation software.

3.  All federal unfair competition claims under 15 U.S.C. § 1125(a) are **DISMISSED WITH PREJUDICE** for failure to allege likelihood of confusion between fundamentally different products serving distinct technological domains.

4.  All state law claims for unfair competition, trademark infringement, and dilution under New York law are **DISMISSED WITH PREJUDICE** because they require the same likelihood of confusion showing that fails under federal law and lack allegations of bad faith or predatory intent.

## III. ANCILLARY RELIEF DENIED.

6.  All requests for enhanced damages, treble damages, and attorneys' fees under 15 U.S.C. § 1117 are **DISMISSED WITH PREJUDICE** for failure to allege willful infringement or establish an "exceptional case."

7.  Vermeer's request for cancellation of AeroCine's federal trademark registration is **DISMISSED WITH PREJUDICE** for failure to state plausible grounds for cancellation.

8. All requests for injunctive relief are **DENIED** for failure to establish likelihood of success on the merits or irreparable harm.

**IV.   CASE CLOSED.**

9. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant AeroCine Ventures Inc. and against Plaintiff Vermeer Manufacturing Company on all claims and close this case.


IT IS SO ORDERED.

**Dated**: This ___ day of April, 2026.


By: _____
Honorable LaShann DeArcy Hall
United States District Court Judge